**UNITED STATES, Appellee,**

v.

**Charles S. BRIDGEFORD, Private, U. S. Army, Appellant.**

No. 35,320.

SPCM 12904.

U. S. Court of Military Appeals.

July 7, 1980.

For Appellant: *Captain Charles E. Trant* (argued); *Colonel Edward S. Adamkewicz, Jr.; Colonel Robert B. Clarke; Lieutenant Colonel John F. Lymburner; Major Elliot J. Clark, Jr.; Major Benjamin A. Sims; Captain Maurice D. Healy; Captain Demmon F. Canner* (on brief).

For Appellee: *Captain James A. Pritchett* (argued); *Colonel Thomas H. Davis; Lieutenant Colonel R. R. Boller; Major Ted B. Borek; Major Robert B. Williams; Captain James W. Hewitt, Jr.; Captain Lee D. Schinasi* (on brief).

OPINION OF THE COURT

PER CURIAM:

We granted review to determine whether appellant was properly tried by court-martial. The issue is raised in the following factual context. Appellant voluntarily enlisted in the United States Army Reserve on April 1, 1975, for a period of 6 years. Following a brief period of active duty for training purposes, he was released on October 4, 1975. By order dated August 23, 1976, appellant was ordered to active duty once again, with a reporting date of October 8. That order asserted that its purpose was "to perform involuntary active duty in accordance with Army Regulation 135–91." In due course, appellant reported for duty at his assigned military unit and did not contest his recall until defense counsel asserted, at trial, which was held on May 17, 1977, "that the court lacks jurisdiction over the person of the accused in that there is no showing that the accused has been properly entered onto active duty."

We are persuaded that the present case is controlled by *United States v. Barraza*, 5 M.J. 230 (C.M.A.1978), which held that an accused had waived his right to assert procedural irregularities in his involuntary activation by failing to object until 6 months after his call-up. Appellant's own testimony reflects that he was notified he had a right to object to his activation. Here, appellant did not object until the present court-martial proceedings were conducted several months after he reported for duty. Appellant asserts that *United States v. Kilbreth*, 22 U.S.C.M.A. 390, 47 C.M.R. 327 (1973), requires reversal. In *Kilbreth*, the Court held that the court-martial lacked jurisdiction where the accused failed to re-

port as ordered, accused's testimony that he had never been notified of his right to appeal was unimpeached, and there was no evidence that the Government had complied with the requirements of Army Regulation 135–91. However, as in *Barraza*, we hold that appellant's failure to object within a reasonable time distinguishes the present case from *Kilbreth*.

Accordingly, the decision of the United States Army Court of Military Review is affirmed.